IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00284-DME

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ZACHARY WEDGE,

        Defendant.

## ORDER SETTING CHANGE OF PLEA HEARING

A Notice of Disposition was filed in the above matter on September 17, 2009, and a Change of Plea Hearing was scheduled for October 6, 2009. Counsel for Defendant requested a continuance and Plaintiff did not object. That hearing has been vacated.

IT IS ORDERED THAT the Change of Plea Hearing is set for **November 25, 2009, at 10:00 a.m. Counsel for the parties shall deliver revised courtesy copies of the "Statement by Defendant In Advance of Change of Plea" and the "Plea Agreement" separately to Judge Ebel's chambers AND to the Probation Department no later than <u>noon</u> on November 20, 2009, if necessary. The original and one copy of these documents should be delivered to Judge Ebel's courtroom deputy in the courtroom <u>at the time of the hearing</u>** (*see* **D.C.COLO.LCrR 11.1F). The Court disfavors plea agreements pursuant to F.R.Crim.P. 11(c)(1)(c) since the *Booker* and *FanFan* decisions, and they will only be accepted in certain circumstances.**

IT IS FURTHER ORDERED that <u>in the event</u> this Change of Plea Hearing is unable to occur at this time, a three-day jury trial is scheduled to commence December 2, 2009, at 8:30 a.m.  Counsel for the parties shall continue to appear in Court on November 25, 2009, at 10:00 a.m. and be fully prepared to convene for a Final Trial Preparation Conference at that time.

IT IS FURTHER ORDERED that if the Change of Plea Hearing does not occur and this case proceeds to trial on December 2, 2009, the parties shall submit pretrial documents according to the following procedures and deadlines:

**A.**   By 3:00 p.m. on November 27, 2009, the parties shall submit via email to Ebel_Chambers@ca10.uscourts.gov the following documents:

  (1)   a witness list, containing names, addresses, and estimated length of time for testimony;

  (2)   an exhibit list, with stipulations for authenticity except on those exhibits noted;

  (3)   a list of stipulated jury instructions plus any other disputed jury instruction tendered by either side;

  (4)   proposed *voir dire* questions to be asked by the court; and

  (5)   a certification that the parties have met in an effort to settle the litigation.

**B.**   **Conflicts in Scheduling**.  Continuances of the trial will be granted only in truly exceptional circumstances.

**C.**   **Jury Instructions.**  Counsel should confer as to the required jury instructions prior to submission to avoid duplication.  Jury instructions can be submitted pursuant to my memo regarding instructions found on the District of Colorado website.  All proposed instructions shall be submitted via email to Ebel_Chambers@ca10.uscourts.gov.

**D.**    **Witness List.**  By November 27, 2009, at the Final Trial Preparation Conference, the parties shall also submit an original and three copies of the final Witness List (form available at www.co.uscourts.gov) to the court and one copy to the other party, unless previously provided.  Please be sure that first and last names are spelled correctly (using capital letters only for proper names) and that any changes in names have been noted, as one copy will be available to the court reporter to avoid the necessity of asking for the spelling of the witness' name.

**E.**    **Exhibit List.**  By November 27, 2009, at the Final Trial Cofnerence, the parties shall also submit an original plus three copies of the final Exhibit List (form available at www.co.uscourts.gov) to the Court and one copy to the other party, unless previously provided.

If exhibits are to be presented by CD, they shall be labeled thereon.  If they are to be presented in hard copy, labels should be affixed prior to trial.  Exhibit Labels shall be used by both parties, and may be obtained from the Clerk's Office in Room A105 of the Alfred A. Arraj Courthouse.  The Plaintiff's exhibits should be marked with the yellow labels and designated as P-1, P-2, P-3 . . . .   The Defendant's exhibits shall be marked with the blue labels and designated as D-1, D-2, D-3 . . . .   The criminal action number shall also be placed on each of the exhibit stickers.  All paper exhibits shall be bound, such as in three-ring notebooks or folders (pages should be easily moveable and in no event should the notebook be bigger than a 3-inch notebook), and the notebook or folder labeled with the following information: (i) caption, (ii) scheduled date and time, (iii) party's name and designation and (iv) "original" or "copy," and delivered to the courtroom deputy clerk on the first day of trial.  Demonstrative exhibits, documents used

to refresh memory, and written Stipulations of Fact shall also be marked as exhibits.

**F.** **Terminology.** By November 27, 2009, at the Final Trial Conference, parties shall also submit an original and three copies of a glossary of any unusual or technical terminology. The glossary should also include names of persons who will be mentioned during the course of trial but are not parties to the litigation.  Capitalize proper names only.

**G.** **Video and Special Equipment.** If you intend to use electronic equipment, advise the courtroom deputy clerk at the Final Trial Preparation Conference.

**H.** **Trial Briefs.** Please advise the Court at the Final Trial Preparation Conference if you wish to file trial briefs, which may not be filed unless authorized by the Court.  Briefs requested shall be filed on a date set by the Court.  Unless otherwise specified, trial briefs shall be limited to 10 pages.

**I.** **Issues to be addressed at the Final Trial Preparation Conference.** The parties shall be prepared to address the following issues:

1) jury selection, including the need for a special jury panel and whether the parties desire the use of a jury questionnaire;

2) sequestration of witnesses;

3) presentation of exhibits to the jury;

4) timing of presentation of witnesses and evidence;

5) anticipated evidentiary issues (need for scheduling of hearings outside   the presence of the jury);

6) any stipulations as to fact or law; and

7) any other issue affecting the duration or course of the trial.

DATED: October 7th , 2009.

                                          BY THE COURT:

                                          *s/ David M. Ebel*

                                          _____
                                          David M. Ebel
                                          United States Circuit Judge